THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM SERVICES LLC,<br><br>        Petitioner,<br><br>    v.<br><br>INDECOR HOME CO, *et al.*,<br><br>        Respondents. | CASE NO. C22-1560-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner's motion for alternative service (Dkt. No. 9). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.    BACKGROUND

Petitioner is a Delaware company with its principal place of business in Seattle, Washington. (Dkt. No. 1 at 1.) Respondents Indecor Home Co. and Prime Traders Corp. ("Respondents") are New Jersey corporations with a principal place of business in Patterson, New Jersey. (*Id.* at 1–2.) Petitioner alleges Respondents "failed to fulfill and deliver thousands of customer orders that they were contractually obligated to fulfill and for which [Petitioner] paid them." (Dkt. No. 9 at 2.) Petitioner filed a demand for arbitration, asserting claims for breach of contract, common law fraud, negligent misrepresentation, and violation of the Washington Consumer Protection Act. (Dkt. No. 1 at 3.) Respondents failed to appear, and the arbitrator

issued an award for Petitioner. (*Id.*) Petitioner then filed a Petition to Confirm Arbitration with this Court. (Dkt. No. 1.)

Petitioner contends it has since made numerous attempts to serve Respondents, including at the addresses related to Respondents' Amazon accounts, at the address listed by the New Jersey Secretary of State's Office as Respondents' registered agent's address and principal business address, and at a post office box possibly associated with Respondents. (Dkt. No. 9 at 4.) Because Petitioner has been unable to certify successful service by any of these methods, it now asks the Court to authorize alternative service by e-mail and by delivery to a post office box. (*See id.* at 4–5.)

## II. DISCUSSION

A federal court lacks jurisdiction over a defendant unless they have been properly served in accordance with Federal Rule of Civil Procedure 4. *Direct Mails Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4 is a flexible rule that "should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Service ensures a defendant receives notice of a pending proceeding and provides them an opportunity to be heard and present their objections. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Notice comports with Due Process when it is reasonably calculated to apprise parties of the proceeding and to give them an opportunity to be heard and to object. *See id.*

Service on a corporation may be accomplished either by following the manner prescribed for serving an individual pursuant to Rule 4(e)(1), or by delivering a copy of the summons and of the complaint to an agent authorized to receive service of process. Fed. R. Civ. P. 4(h). An individual may be properly served by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Because Petitioner has been unable to deliver a copy of

the summons to an authorized agent for Respondents, it may instead serve Respondents by complying with the state law for Washington, where this court is located, or New Jersey, assuming Respondents will be served there.

Under Washington law, a corporation may be properly served by serving its registered agent, sending certified mail to the address filed with the secretary of state, by handing a copy of service to an individual in charge of the corporation's business activities, or if all else fails, by serving the secretary of state. RCW 23.95.450. Alternatively, the Court may authorize service by mail, but only if the serving party shows it has made reasonably diligent efforts to personally serve a party, that service by publication would be justified under Washington law, and that the party is as likely to receive actual notice from service by mail as they would be from service by publication. Wash. Sup. Ct. Civ. R. 4(d)(4); *Charboneau Excavating, Inc. v. Turnipseed*, 75 P.3d 1011, 1014 (Wash. Ct. App. 2003).

Here, Petitioner attempted to serve Respondents at the address of their registered agent and principal business, but was informed Respondents were not located at that address. (Dkt. No. 9 at 4.) The alternative, service by publication, is not authorized because Respondents are not residents of the state and have no property within the state. *See* RCW 4.28.100(1) (allowing service by publication on a foreign corporation who has property within the state). Because service by mail is only allowed if service by publication would be justified, Petitioner has not met the requirements under Washington law to effectuate service by mail.

Under New Jersey law, service may be made upon a corporation by serving a copy of the summons and complaint upon any officer, director, trustee, or any person authorized by law to receive service on behalf of the corporation. N.J. Ct. R. 4:4-4(a)(6). If, however, personal service cannot be made despite diligent effort and inquiry, personal service may be effectuated by mailing a copy of the summons and complaint by registered or certified mail, with a return receipt requested, and, simultaneously, by ordinary mail to a corporation's registered agent, its principal place of business, or its registered office. N.J. Ct. R. 4:4-4(b). Mail may be addressed to

a post office box if the sender cannot by diligent effort determine the addressee's street address. N.J. Ct. R. 1:5-2. If service cannot be made by other means, a defendant may be served as provided by court order, consistent with Due Process. N.J. Ct. R. 4:4-4(b)(3).

Petitioner has attempted service at each known address and hired an investigator to find other potential addresses at which Respondents may be located. (Dkt. No. 9 at 4.) Additionally, requiring Petitioner to attempt to mail the complaint to Respondents' place of business would be fruitless because previous service attempts have shown Respondents are no longer at that address. The Court finds that Petitioner has shown diligent effort in its attempts to serve Respondents. Therefore, under New Jersey law, the Court may provide other means for service, as long as they are consistent with Due Process.

Service comports with Due Process if it is reasonably calculated to apprise parties of the proceeding and to give them an opportunity to be heard and to object. *Mullane*, 339 U.S. 306 at 314. The Court finds Petitioner's proposed alternative methods of service are consistent with Due Process. Respondents have previously responded to the e-mail addresses that Petitioner provides. (Dkt. No. 9 at 6.) And Petitioner submits evidence that Respondents regularly receives mail at a post office box its investigator discovered. (Dkt. No. 5 at 2.) Based on these representations, the Court finds, under the circumstances, that these alternate methods are reasonably calculated to ensure Respondents are apprised of the pendency of this action and affords them the opportunity to present their objections.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion for alternative service (Dkt. No. 9) is GRANTED. Petitioners are ORDERED to file proof of service, which is authorized via e-mail and certified mail to Respondents' post office box, within twenty-one (21) days of this Order.

//

//

//

DATED this 20th day of March 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE