THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM SERVICES LLC,<br><br>             Petitioner,<br><br>      v.<br><br>INDECOR HOME CO, *et al.,*<br><br>             Respondents. | CASE NO. C22-1560-JCC<br><br>ORDER |

      This matter comes before the Court on Petitioner's unopposed motion to confirm arbitration (Dkt. No. 1). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

      On February 13, 2020, Petitioner filed a demand for arbitration against Respondents Indecor Home Co. and Prime Traders Corp.[1] (Dkt. No. 1 at 2.) The demand asserted claims for breach of contract, common law fraud, negligent misrepresentation, and violation of the Washington Consumer Protection Act. (*Id.* at 3.) Arbitrator Melvyn J. Simburg issued a final award to Petitioner on April 20, 2022, after Respondents failed to appear in the arbitration proceedings. (*Id.* at 3.)  Petitioner filed a petition to confirm arbitration with this Court on

---

[1] This demand was made in accordance Petitioner's Vendor Terms and Conditions, which Respondents agreed to when registering a vendor account with Petitioner. (*See* Dkt No. 2-1 at 5.)

November 3, 2022. (Dkt. No. 1.) The Court ordered Petitioner to file proof of service of its petition on Respondents. (Dkt. No. 6.) Petitioner did so via e-mail and by regular mail to a PO Box, (Dkt. No. 14), pursuant to this Court's order permitting such alternative service (Dkt. No. 12).

Under the Federal Arbitration Act (FAA), the Court must grant an order confirming an arbitration award brought within a year of its finalization "unless the award is vacated, modified, or corrected" under the terms of the statute. 9 U.S.C. § 9. The Court's review of an arbitration award is narrow, and is limited to correcting a technical error, striking portions of an award unrelated to the subject of the arbitration, or vacating an award when it "evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law." *Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987, 997–98 (9th Cir. 2003).

Petitioner's motion was filed within a year of the finalized arbitration award. None of the conditions permitting vacation, modification, or correction of the award are present here. Respondents raise no argument to the contrary; they have not appeared in this proceeding and have not opposed Petitioner's motion.

The motion to confirm the arbitration award (Dkt. No. 1) is GRANTED.

DATED this 19th day of April, 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE